UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK, | Case No. 2:25-cv-1761-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, | |
| Defendant. | |

This action has taken an unconventional path before landing at the pending motion to dismiss.[1]  Plaintiff, proceeding pro se, initially filed this action against defendant Judge David Abbott.  ECF No. 1.  Plaintiff later filed a first amended complaint on August 25, 2025, this complaint, however, alleged claims against a new defendant—the County of Sacramento.  ECF No. 10.  Plaintiff did not seek leave of court to file the first amended complaint.  Nonetheless, Sacramento responded to the first amended complaint with a motion to dismiss September 2, 2025.  ECF No. 11.  The same day, plaintiff filed a second amended complaint, ECF No. 14, and Sacramento filed another motion to dismiss the following day, ECF No. 13.  Plaintiff did not file

---

[1] The court finds it noteworthy that Judge Delaney issued an order on April 8, 2026, recommending that plaintiff be considered a vexatious litigant.  *See Selck v. California Dep't of Social Serv.*, Case No. 2:25-cv-2868-DC-CKD ECF No. 22.

1

a response to Sacramento's latest motion to dismiss, so on October 10, 2025, the court ordered plaintiff to show cause for his failure to respond to the motion. ECF No. 17. In response, on October 28, 2025, plaintiff filed a third amended complaint. ECF No. 18.

Because plaintiff filed his second and third complaints without leave of court or with stipulation by Sacramento, the court disregarded those complaints and gave plaintiff twenty-one days to file either a motion to amend, an opposition, or a statement of non-opposition to Sacramento's motion to dismiss. ECF No. 22. Plaintiff filed a response on May 20, 2026, but the filing is incoherent. *See* ECF No. 23 at 9 ("The plaintiff is suing for monetary damages with injunction for order to euthanize the family with imposed advanced directives with elderly assault and inflictions of biological pathogens upon a health 93 year-old under Federal rule 601 without Rule 605 for Coram Norbis in 218CV02447JAM EFB PD, 9thCir. The plaintiff is claiming that the parent was breathing with a full head of hair before 219CV1067 with plan of HIPPA. . . . ."). Moreover, the filing does not appear to respond to Sacramento's motion to dismiss. Accordingly, the court will consider Sacramento's motion to dismiss as unopposed.

**Motion to Dismiss**

## I.    Legal Standards

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions

2

to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Analysis**

The first amended complaint, as pled, fails to conform with Rule 8. Rule 8(a) requires that a pleading contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The court may dismiss a complaint for failure to comply with the provisions of Rule 8. *Gillibeau v City of Richmond*, 417 F 2d 426, 431 (9th Cir. 1969); *Kittay Kornstein*, 230 F 3d 531, 542 (2d Cir. 2000); *Atkins v Northwest Airlines, Inc*, 967 F 2d 1197, 1203 (8th Cir. 1992) ("A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court."). Such

dismissals may be based on the length, content, and organization of the complaint. *See Connell v. Signoracci*, 153 F.3d 74, 82 (2d Cir 1998) ("The 89-page pleading is an *omnium gatherum*, obsessively repetitious, overwrought in tone, and organized like a front hall closet.").

The policy behind Rule 8's pleading requirement is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coord Unit*, 507 US 163, 168 (1993) (citations and quotations omitted), *see also Salahuddin v Cuomo*, 861 F.2d 40, 41 (2d Cir 1988) ("The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.").

Here, the complaint is unnecessarily long and contains no understandable factual allegations. For instance, plaintiff fails to explain what wrongdoing Sacramento is alleged to have committed. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Plaintiff has not complied with the "short and plain statement" requirement of Rule 8(a), because of the length and unnecessary detail of the factual section of the complaint. *See Iqbal*, 556 U.S. at 678. The court will, therefore, exercise its discretion and grant without prejudice defendant's motion to dismiss.

Since plaintiff is proceeding pro se, the court will provide "some notice of [the complaint's] deficiencies" to guide amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Plaintiff's complaint must set forth a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). Plaintiff is cautioned that any amended complaint must specifically identify actions by individual defendants who personally and substantially participated in depriving her of her constitutional rights. *Johnson v. Duff*, 588 F.2d 740, 743 (9th Cir. 1978). Each count must include sufficient facts to support that count, and those facts should be alleged under each cause of action. Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Any amended complaint must be complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

### Conclusion

Accordingly, it is hereby ORDERED that:

1.  Defendant Sacramento's motion to dismiss, ECF No. 13, is GRANTED.

2.  Plaintiff's first amended complaint, ECF No. 10, is DISMISSED with leave to amend.

3.  Plaintiff must file an amended complaint within twenty-one days.  Failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

Dated:  ___June 22, 2026___    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE