UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br>Plaintiff,<br>v.<br>COUNTY OF SACRAMENTO,<br>Defendant. | Case No. 2:25-cv-1761-JDP (PS)<br><br>ORDER |

The court has provided plaintiff with numerous opportunities to litigate this action, but plaintiff has instead filed incoherent documents that do little to put the court or defendant on notice of his claims. Accordingly, at this juncture, the court will dismiss this action for failure to comply with court order. By way of background, the court provides the following summary:

Plaintiff, proceeding pro se, filed this action against defendant Judge David Abbott. ECF No. 1. He later filed a first amended complaint on August 25, 2025. This complaint, however, alleged claims against a new defendant—the County of Sacramento. ECF No. 10. Plaintiff did not seek leave of court to file the first amended complaint. Nonetheless, Sacramento responded to the first amended complaint with a motion to dismiss September 2, 2025. ECF No. 11. The same day, plaintiff filed a second amended complaint, ECF No. 14, and Sacramento filed another motion to dismiss the following day, ECF No. 13. Plaintiff did not file a response to Sacramento's latest motion to dismiss, so on October 10, 2025, the court ordered plaintiff to show

cause for his failure to respond to the motion. ECF No. 17. In response, on October 28, 2025, plaintiff filed a third amended complaint. ECF No. 18. Because plaintiff filed his second and third complaints without leave of court or with stipulation by Sacramento, the court disregarded those complaints and gave plaintiff twenty-one days to file either a motion to amend, an opposition, or a statement of non-opposition to Sacramento's motion to dismiss. ECF No. 22. Plaintiff filed a response on May 20, 2026, but the filing was incoherent and did not appear to respond to Sacramento's motion to dismiss. *See* ECF No. 23. Accordingly, on June 23, 2026, the court granted defendant's motion to dismiss and provided plaintiff with a final opportunity to file an amended complaint within twenty-one days. ECF No. 24. In response, plaintiff again filed an incoherent document that cannot be characterized as a complaint. *See* ECF No. 25.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In dismissing this action for failure to comply with court orders, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at

1260-61 (citation omitted).

Here, plaintiff failed to respond to court orders directing him to file an amended complaint. *See supra*. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support imposition of the sanction of dismissal. Lastly, the court's warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The June 23, 2026 order expressly warned plaintiff that failure to comply with court orders would result in dismissal. ECF No. 7. Plaintiff had adequate warning that dismissal could result from noncompliance. The court therefore finds that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that:

1. This action is dismissed without prejudice for failure to comply with court orders.
2. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE